# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAWRENCE TRAMEL,<br>  #1021174 | ) ) ) | |
| Plaintiff, | ) ) | 2:10-cv-01008-KJD-RJJ |
| vs. | ) ) | **ORDER** |
| STATE OF NEVADA, *et al.*, | ) ) | |
| Defendants. | ) / | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (docket #1). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676,

689 (9th Cir. 2006).

## II. Instant Complaint

Plaintiff, who is incarcerated at High Desert State Prison ("HDSP"), has sued the State of Nevada as well as district attorney David Roger. Plaintiff alleges that in November 2008 he was raped by his cellmate. He claims that "everyone" on the cell block was kicking and yelling during the attack, but that prison staff in the "bubble" did not intervene. Plaintiff asserts that his cellmate raped him again 2-4 hours later, that again other inmates were yelling and kicking but that prison staff did not intervene. Plaintiff appears to claim that after the attacks he pushed his medical button but that no one responded until after dinner the next day. At that point, plaintiff informed staff that he was suicidal and he was moved from the cell. He seeks injunctive relief (to be moved to Clark County Detention Center) and damages. Plaintiff claims his Eighth Amendment rights have been violated.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Under the Eighth Amendment, "[p]rison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferen[t]" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837; *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187-88 (9th Cir. 200 2; *Jeffers v. Gomez*, 267 F.3d 895, 913 (9th Cir. 2001) (*per curiam*); *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk

may be sufficient to establish knowledge.  *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

While plaintiff's allegations state an Eighth Amendment claim, he has failed to name any proper defendants in this suit.  Plaintiff names the State of Nevada as a defendant, however, states are not persons for purposes of § 1983.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991).  Section 1983 claims against states, therefore, are legally frivolous.  *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).  Accordingly, all claims against the State of Nevada are dismissed with prejudice.  The State of Nevada is dismissed from this action.

Plaintiff names a district attorney as the only other defendant.  First, the only allegations against the district attorney are that "his staff" at HDSP failed to protect plaintiff from attack.  This is insufficient as "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under [§] 1983."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding proper to dismiss where no allegations of knowledge of or participation in alleged violation).  The court notes that a state district attorney has no involvement in or responsibility for operations at HDSP or any prison.  Plaintiff does not describe any specific actions by the district attorney, nor does he allege that the district attorney had knowledge of or participated in any alleged civil rights violation.  Moreover, prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the State performing functions "intimately associated with the judicial phase of the criminal process."

*Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 124-26 (1997); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Genzler v. Longanbach*, 410 F.3d 630, 636-37 (9th Cir. 2005); *KRL v. Moore*, 384 F.3d 1105, 1110 (9th Cir. 2004); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Prosecutorial immunity does not extend to those actions of a prosecutor that are "administrative" or "investigative" in nature. *See Hartman v. Moore*, 547 U.S. 250, 261-62 n.8 (2006); *Buckley v. Fitzsimmons*, 509 U.S. 259, 271-73 (1993); *Botello*, 413 F.3d at 975-76; *Genzler*, 410 F.3d at 636. State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler*, 424 U.S. at 427, 430-31; *Botello*, 413 F.3d at 975; *Genzler*, 410 F.3d at 636; *KRL*, 384 F.3d at 1110; *Broam*, 320 F.3d at 1028. Accordingly, all claims against David Roger are dismissed with prejudice, and he is dismissed from this action.

However, because plaintiff's claims implicate his Eighth Amendment rights, he has leave to file an amended complaint against the prison staff that he alleges failed to protect him from attack. If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. Again, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo*, 423 U.S. 362; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d at 743. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8. Plaintiff must identify at least one of the defendants by name.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

1  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each
2  defendant must be sufficiently alleged.
3  **III. Conclusion**
4        **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma*
5  *pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**;  plaintiff shall not be
6  required to pay an initial installment fee.  Nevertheless, the full filing fee shall still be due, pursuant to
7  28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996.  The movant herein is
8  permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or
9  the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the
10 issuance of subpoenas at government expense.
11       **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the
12 Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk
13 of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the
14 account of Lawrence Tramel, **Inmate No. 1021174** (in months that the account exceeds $10.00) until
15 the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the
16 attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box
17 7011, Carson City, NV 89702.
18       **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise
19 unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the
20 Prisoner Litigation Reform Act of 1996.
21       **IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).
22       **IT IS FURTHER ORDERED** that all claims against the State of Nevada are dismissed
23 with prejudice.  The State of Nevada is **DISMISSED** from this action.
24       **IT IS FURTHER ORDERED** that all claims against David Roger are dismissed with
25 prejudice.  David Roger is **DISMISSED** from this action.
26       **IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH**

**LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this Order is entered to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:10-CV-01008-KJD-RJJ**, above the words "FIRST AMENDED" in the space for "Case No."

**IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

DATED:  September 3, 2010

_____
UNITED STATES DISTRICT JUDGE